UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RAMON FABIAN AND VICTOR VASQUEZ,

                Plaintiffs.

vs.

NEW YORK CITY POLICE OFFICER MICHAEL
A. PAPPALARDO and NEW YORK CITY POLICE
OFFICER JOHN PAUL LEDDY,

                Defendants.
------------------------------------------------------------x

Civil Action No.

Complaint

JURY TRIAL DEMANDED
ECF Case

Plaintiffs RAMON FABIAN and VICTOR VASQUEZ, by their attorneys, DeSimone & Associates, LLC, hereby bring this action under 42 U.S.C. § 1983 to redress their civil and legal rights, and allege as follows:

**PRELIMINARY STATEMENT**

1.    This is a civil rights action in which the plaintiffs, RAMON FABIAN and VICTOR VASQUEZ, seek relief for the violation of their rights secured by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the United States Constitution, including its First, Fourth and Fourteenth Amendments, and by the laws and Constitution of New York by the defendants NEW YORK CITY POLICE OFFICER MICHAEL A. PAPPALARDO ("PAPPALARDO") and NEW YORK CITY POLICE OFFICER JOHN PAUL LEDDY ("LEDDY"). Plaintiffs seek compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

1

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the Plaintiffs' constitutional and civil rights.

3. Plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

4. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that it is Plaintiffs' understanding and belief that defendants PAPPALARDO and LEDDY live in Nassau County, New York.

## JURY TRIAL DEMANDED

5. Plaintiffs demand a trial by jury on each and every one of their claims as pleaded herein.

## PARTIES

6. At all times relevant herein, Plaintiff RAMON FABIAN was a resident of Bronx County, New York.

7. At all times relevant herein, Plaintiff VICTOR VASQUEZ was a resident of Bronx County, New York.

8. At all times relevant herein, upon information and belief, Defendant POLICE OFFICER MICHAEL A. PAPPALARDO was a New York City Police Officer and resided in Nassau County, New York.

9. At all times relevant herein, upon information and belief, Defendant POLICE OFFICER JOHN PAUL LEDDY was a New York City Police Officer and resided in Nassau Count, New York.

## STATEMENT OF FACTS

10. On July 9, 2015, Plaintiffs became victims of police brutality when defendants PAPPALARDO and LEDDY, without warning or justification, pulled them over, falsely accused them of theft, threw them to the ground and violently assaulted them.

11. Specifically, Plaintiffs, who drove a commercial truck making food deliveries for a living, were working in the early hours of July 9, 2015. Plaintiffs were leaving a delivery at 666 Lexington Avenue, New York, New York, and driving up Third Avenue towards 59th Street when they were pulled over by PAPPALARDO and LEDDY around 3 a.m at or about between 58th and 59th Streets on Third Avenue.

12. Defendants physically yanked Plaintiffs from their truck and threw them from their high truck seat height down onto the sidewalk ground, wrenched and bent their arms all the way back, violently kneed them in the back while they were on the ground, and handcuffed them. Plaintiffs were made to wait handcuffed lying face down on the sidewalk for a lengthy time, repeatedly accused of theft and were never read their Miranda rights. Numerous additional New York City police officers came to the scene while Plaintiffs were made to wait and repeatedly accused of theft.

13. Plaintiffs were never brought to the police station or charged with theft or any other crime, and eventually were let go while still at the same location where they were pulled over.

14. Plaintiffs both went to the Emergency Room of Montefiore Medical Center the following day. Plaintiff FABIAN was treated for chest abrasions and a right knee contusion. Plaintiff VASQUEZ was also treated for chest abrasions as well as bilateral knee contusions.

15. Despite the medical treatment, Plaintiffs continued to experience pain and discomfort for some time after the assault.

16. The conduct of PAPPALARDO and LEDDY, in detaining Plaintiffs, falsely accusing them and using force against them was totally without probable cause, was excessive, and was done maliciously, falsely and in bad faith.

17. As a result of the event alleged herein, and due directly to the actions taken by the defendants PAPPALARDO AND LEDDY, Plaintiffs RAMON FABIAN and VICTOR VASQUEZ suffered and continue to suffer physical pain, emotional trauma, discomfort, humiliation, fear, anxiety and embarrassment, among other things.

## CAUSES OF ACTION

### FIRST CLAIM: EXCESSIVE FORCE
### DEPRIVATION OF RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983

18. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 17 as if fully set forth herein.

19. The conduct and actions of PAPPALARDO and LEDDY acting in concert and under color of law, in wrongfully stopping Plaintiffs, throwing Plaintiffs to the ground from up out of their truck, wrenching and bending their arms all the way behind their back and violently kneeing them in the back was excessive and unreasonable, was done intentionally, willfully, maliciously, with a deliberate indifference and/or with a

reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiffs' rights as guaranteed under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from an unreasonable seizure of her person and the right to be free from the use of excessive unreasonable, and unjustified force.

20. As a direct and proximate result of the foregoing, Plaintiffs were subjected to great and physical and emotional pain and humiliation, was deprived of their liberty and were otherwise damaged and injured.

### SECOND CLAIM: DENIAL OF MEDICAL CARE
### DEPRIVATION OF RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983

21. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 20 as if fully set forth herein.

22. Defendants as members of the NYPD have an affirmative duty to seek medical attention for persons who are injured in the course of being apprehended by the police.

23. PAPPALARDO and LEDDY were present during and in fact, perpetrated the assault on Plaintiffs and were aware that Plaintiff FABIAN and Plaintiff VASQUEZ were experiencing extreme physical pain as a result of this assault using excessive force, but took no action to provide or request medical care for plaintiff FABIAN or plaintiff VASQUEZ, disregarding the obvious risk to Plaintiffs' health.

24. The conduct and actions of Defendants PAPPALARDO and LEDDY acting under color of law, in failing to request or obtain medical attention for Plaintiff FABIAN and Plaintiff VASQUEZ, was unreasonable, was done intentionally, willfully, maliciously, with a deliberate indifference and/or reckless disregard for Plaintiffs' serious medical needs, and was designed to and did cause specific physical and emotional pain and suffering in violation of Plaintiffs' substantive due process rights as guaranteed under 42 U.S.C. §1983, and the Fourteenth Amendment to the United States Constitution.

25. As a direct and proximate result of the foregoing, Plaintiff FABIAN and Plaintiff VASQUEZ were subjected to great physical pain and suffering and were otherwise damaged and injured.

### THIRD CLAIM: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

26. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 36 as if fully set forth herein.

27. Defendants' conduct in assaulting and battering Plaintiffs FABIAN and VASQUEZ was careless and negligent as to the emotional health of Plaintiffs and caused severe emotional distress to Plaintiffs.

28. The acts and conduct of Defendants was the direct and proximate cause of injury and damage to Plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

29. As a result of the foregoing, Plaintiffs were deprived of their liberty, were subjected to serious physical and emotional pain and suffering, and were otherwise damaged and injured.

## FOURTH CLAIM: NEGLIGENCE

30. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 40 as if fully set forth herein.

31. Defendants, while acting in their capacity as police officers for the City of New York, owed a duty to Plaintiffs to perform their police duties without the use of excessive force. Defendants' use of force upon Plaintiffs, when Plaintiffs were unarmed and did not pose a threat of death or grievous bodily injury to Defendants or to others constitutes negligence for which Defendants are liable.

32. Defendants' use of force upon Plaintiffs when they had no lawful authority to stop Plaintiffs, handcuff or arrest Plaintiffs or to use force against Plaintiffs constitutes negligence for which Defendants are individually liable.

33. As a proximate result of Defendants' negligent use of force, Plaintiffs sustained physical and emotional pain and suffering and were otherwise damaged and injured.

**WHEREFORE**, Plaintiffs demand the following relief jointly and severally against defendants PAPPALARDO and LEDDY:

    a.    Compensatory damages in an amount to be determined by a jury;

    b.    Punitive damages in an amount to be determined by a jury;

    c.    The convening and empanelling of a jury to consider the merit of the claims herein;

    d.    Costs and interest and attorney's fees;

    e.    Such other and further relief as this Court may deem just and proper.

Dated:    New York, New York
           May 17, 2018

RALPH DESIMONE, ESQ. (RD-5634)
DESIMONE & ASSOCIATES, LLC
745 Fifth Avenue, Suite 500
New York, New York 10151
(646) 776-7425

8